IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| **ROMULLO TADEU MELO SILVA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | |
| ) | |
| **UNITED AIRLINES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

# COMPLAINT

Romullo Tadeu Melo Silva hereby files this complaint and petition for injunction against United Airlines, Inc. ("United"), as follows.

## NATURE OF THE ACTION

1.   This diversity suit is an action for damages and petition for permanent injunctive relief stemming from the false reporting of aviation records by United to the Federal Aviation Administration ("FAA") adverse to Mr. Silva.

## PARTIES

2.   Romullo Tadeu Melo Silva is an individual resident of the State of New Jersey, who may be served by serving the undersigned, and submits himself to the jurisdiction of this Court.

3.   United Airlines, Inc. is a publicly-traded for profit corporation incorporated under the laws of the State of Delaware, which may be served by

serving its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, New Castle County, Delaware 19808. United may also be served by service at its principal office which is located at 233 South Wacker Drive, Chicago, Illinois 60606.

## JURISDICTION AND VENUE

4. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different states from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

6. United carries out business in the State of New Jersey, including, but not limited to operating out of Newark Liberty International Airport ("EWR"), and therefore United is subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

**A.  General Background.**

7. On February 7, 2023, United hired Mr. Silva as a pilot in the role of a "first officer."[1]

---

[1] Mr. Silva had previously been employed by United as a flight attendant before obtaining his license to fly aircraft.

8. A first officer pilots the aircraft along with, and subject to the authority of, a captain.

9. A first officer is not the "pilot in command" or "PIC" of a flight.

10. The captain is the PIC on any given flight.

11. In the event that an incident or accident occurs during or following a flight, that event is reported to the Federal Aviation Administration as per the Federal Aviation Act of 1958, under Title 49 of the U.S. Code (the, "Act").

12. The Act itself does not provide for a private cause of action for penalties under the Act, but does require accurate reporting as per 49 U.S.C. § 46302 and other sections of the Act.

**B.     The Accident.**

13. On July 29, 2023, Mr. Silva was serving as the first officer of a Boeing 767-300 aircraft (the, "Aircraft") on United flight UA-702 from EWR to George Bush Intercontinental Airport ("IAH") in Houston, Texas (the, "Flight").

14. The captain on the Flight was Robert Goudon.

15. Captain Goudon was also the PIC on the Flight.

16. The Flight was generally without incident until the landing.

17. During the landing, Captain Goudon failed to arm the speed brake on the Aircraft.

18. This was the job of the captain, not Mr. Silva.

19. Mr. Silva was flying the Aircraft when it was landing.

20. The speed brake was at zero (0) degrees.

21. As a result, the nose of the Aircraft went down "hard" on the runway.

22. The touchdown was not "hard."

23. This was later reported as a "hard landing."

24. The thrust reversers had been activated.

25. None of the passengers or crew of the Flight were injured during the landing.

26. The Aircraft is back in service.

27. Captain Goudon does not blame Mr. Silva for the incident.

**C.    The Aftermath.**

28. That same day, July 29, 2023, United pulled Mr. Silva from flight duty.

29. Mr. Silva was not allowed to return to any kind of service until September 30, 2023.

30. On September 30, 2023, Mr. Silva was ordered to report to Denver for the presentation of probable cause of the incident for a Flight Safety Investigation ("FSI").

31. After the FSI, Mr. Silva was sent to a landing only simulator by United.

32. No simulator preparation was provided.

33. A check ride is a form of testing event for pilots, wherein a pilot operates an aircraft with a senior pilot, referred to as a check airman, to determine whether the testing pilot is ready to fly with customers.

34. Check airman D. Shealy of United felt that it was strange to fail to provide simulator preparation prior to evaluation after four months of being off flight duty.

35. Mr. Silva's check ride was scheduled for October 2, 2023 (the, "Check Ride").

36. Prior to the Check Ride, Mr. Silva had been out of service and out of all aircraft for four (4) months.

37. Prior to the Check Ride, Mr. Silva had only had a total of 113 hours of flight time for the make and model of the aircraft.

38. The Check Ride was performed by check airman W. Blom of United.

39. Captain Blom was hostile, degrading and intimidating to Mr. Silva.

40. At the conclusion of the Check Ride, Captain Shealy failed Mr. Silva.

41. On October 12, 2023, United terminated Mr. Silva.

42. Thereafter, filed a report with the FAA stating that Mr. Silva was the PIC on the Flight.

43. This report was false in that Mr. Silva was never the PIC on the Flight.

44. As a result of this report, Mr. Silva's record with the FAA has been substantially tarnished, and he has been unable to fly for any other air carrier, including private carriers under 14 CFR Part 135.

45. This false report to the FAA has crippled Mr. Silva's ability to find employment as a pilot.

46. United made this false report to the FAA intentionally and knowingly for the purpose of protecting Captain Goudon, despite the cost to Mr. Silva.

47. United is liable to Mr. Silva for damages.

48. United should correct the record with the FAA to reflect the fact that Captain Goudon was the PIC of the Flight during the incident.

49. These false statements have cost Mr. Silva at least $100,000.00 thus far in lost income due to his inability to fly.

## COUNT I
### Defamation

50. Mr. Silva restates paragraphs 1-49 and incorporates said paragraphs herein by reference.

51. United intentionally and knowingly stated to the FAA, in the form of an official report, that Mr. Silva was the PIC on the Flight.

52. Mr. Silva was not the PIC on the Flight.

53. Mr. Silva was the pilot flying the Flight at the time of the incident, but Captain Goudon was the PIC of the Flight.

54. United made this false statement in an effort to protect Captain Goudon from any ramifications with the FAA.

55. As a result of these false statements, Mr. Silva has been severely damaged, and cannot find employment as a pilot for any other air carrier.

56. United is liable to Mr. Silva for defamation in the amount of at least $100,000.00.

## COUNT II
### Injunctive Relief

57. Mr. Silva restates paragraphs 1-56 and incorporates said paragraphs herein by reference.

58. United knowingly and intentionally made false statements to the FAA.

59. The Act prohibits the making of false statements to the FAA.

60. The false statement made by United to the FAA was that Mr. Silva was the FIC of the Flight.

61. It was Captain Goudon, not Mr. Silva who was the PIC of the Flight.

62. This false information provided by United to the FAA has badly damaged Mr. Silva.

63. Because it is absolutely false that Mr. Silva was the PIC on the Flight, Mr. Silva enjoys a substantial likelihood of success on the merits.

64. Unless and until the information is corrected with the FAA, Mr. Silva will be rendered unable to fly as a pilot for any other air carrier.

65. As a result, irreparable injury will be suffered unless the injunction issues.

66. There will be enormous injury to Mr. Silva unless the injunction issues.

67. The only damage to United if the injunction issues is that it will be required to correct its report to the FAA.

68. As a result, the threatened injury to Mr. Silva outweighs the damage injunction may cause United.

69. Because Mr. Silva only seeks an injunction compelling United to truthfully correct its report to the FAA, if issued, the injunction would not be adverse to the public interest.

70. This Court should issue an injunction requiring United to correct its report to the FAA stating that Captain Goudon, not Mr. Silva, was the PIC of the Flight on July 29, 2023 at the time of the incident.

## COUNT III
### Attorneys' Fees

71. Mr. Silva restates paragraphs 1-70 and incorporates said paragraphs herein by reference.

72. Mr. Silva has attempted to resolve this matter amicably.

73. United has repeatedly rebuffed Mr. Silva' ovations.

74. Mr. Silva made demands, to which United has not responded.

75. United refused to resolve this matter reasonably.

76. United has been stubbornly litigious.

77. Mr. Silva is entitled to attorneys' fees and costs for having to bring and maintain this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Silva prays for judgment as requested above against United and further request:

    a.    An award of damages as stated per this Complaint;

    b.    Incidental and consequential damages;

    c.    Punitive damages;

    d.    An award of attorneys' fees and costs in bringing and maintaining this action; and

    e.    Any other relief as this Court may deem just and reasonable.

## **DEMAND FOR JURY TRIAL**

Mr. Silva requests a trial by jury on all issues so triable.

Respectfully submitted, this 12th day of December, 2024.

        FGP LAW, LLC

        /s/ Frank G. Podesta
        Frank G. Podesta
        New Jersey Bar No. 013322010
        fpodesta@fgplaw.com

        555 Sun Valley Drive
        Suite N-3
        Roswell, Georgia 30076
        678.677.5143 (voice)
        678.222.0123 (facsimile)
        *Attorneys for Romullo Tadeu Melo Silva*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

ROMULLO TADEU MELO SILVA,    )
                              )
    Plaintiff,                )
                              )
                              )   Civil Action No.
    v.                        )
                              )
UNITED AIRLINES, INC.,        )
                              )
    Defendant.                )

### VERIFICATION OF VERIFIED COMPLAINT

STATE OF GEORGIA       )
                       )
COUNTY OF FULTON       )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Romullo Tadeu Melo Silva, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon his personal knowledge and belief.

This _12_ day of December, 2024.

_____
Romulo Tadeu Melo Silva

11

Sworn to and subscribed before me this
12th Day of December, 2024.

_____
Notary Public        (SEAL)
My commission expires: 04/28/2026

```
Dylan Petrea
Notary Public
Iredell County
North Carolina
My Commission Expires 4/28/2026
```