UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROMULLO TADEU MELO SILVA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | No. 24-cv-11119<br><br>OPINION ON MOTION TO DISMISS |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is defendant United Airlines, Inc.'s motion to dismiss plaintiff Romullo Tadeu Melo Silva's complaint for defamation. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). For the reasons set forth herein, defendant's motion to dismiss is **GRANTED**.

**I.    FACTS AS ALLEGED**

The following facts are derived from the allegations set forth in plaintiff's complaint and are accepted as true for the purpose of this motion to dismiss. Only the facts necessary to the resolution of the instant motion are included.

On February 7, 2023, defendant United Airlines, Inc. hired plaintiff Romullo Tadeu Melo Silva as a pilot serving in the role of "first officer." Generally, on a United flight, a first officer flies alongside and subject to the authority of a captain, who serves as the "pilot in command" ("PIC") of the flight.

On July 29, 2023, plaintiff served as the first officer on a flight from Newark, New Jersey to Houston, Texas. Plaintiff served alongside PIC Captain Robert Goudon. When the time came to land the plane, Captain Goudon failed to arm the speed brake on the aircraft, leading to a landing in which the nose of the aircraft "went down 'hard' on the runway." Compl. ¶ 21. Plaintiff was flying the plane at the time of the landing, but alleges arming the speed brake on the aircraft was Goudon's responsibility. No injuries occurred.

That same day, defendant pulled plaintiff from flight duty until September 30, 2023, at which point plaintiff was required to present the probable cause of the incident. Thereafter plaintiff was sent to a landing-only flight simulator and subsequently was required to perform a "check ride"—a test flight supervised by a more senior pilot prior to returning to full service—on October 2, 2023. Plaintiff failed the check ride and defendant terminated his employment on October 12, 2023.

Plaintiff alleges that, following his termination, defendant filed a report with the FAA in which it stated that plaintiff was the PIC of the July 29, 2023 flight, even though Captain Goudon was the actual PIC of the flight. Plaintiff claims that as a result of this allegedly inaccurate report, plaintiff is unable to obtain employment as a pilot and has lost at least $100,000 in income.

On December 13, 2024, plaintiff brought this suit against defendant in a nominally three-count complaint, alleging defamation (Count I) and seeking injunctive relief (Count II) and attorney fees (Count III). ECF No. 1. In effect, this complaint boils down to one claim for defamation, with accompanying requests for injunctive relief and attorney fees.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. DISCUSSION

As a threshold matter, because defamation is a state law claim before this Court via diversity jurisdiction, the Court must determine which state's law of defamation applies. Neither party briefed the issue, and both appear to assume that New Jersey law applies.

---

[1] "[D]eclaratory and injunctive relief are remedies rather than causes of action." *Kabbaj v. Google, Inc.*, 592 Fed. Appx. 74, 75 n.2 (3d Cir. 2015). Similarly, unless otherwise set forth by statute, a claim for attorney fees is a remedy sought in connection with a substantive claim, not its own cause of action. *See Marrin v. Capital Health Systems, Inc.*, 2015 WL 404783, at *10 (D.N.J. Jan. 29, 2015) ("[A]ttorney fees ... [is a] remed[y] for certain causes of action, and not [a] substantive count[] in [its] own right[]") (citing *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 372 (D.N.J. 2000)).

*See* Mot. at 4 (identifying elements to state a claim "under New Jersey law"); Opp. at 2-4 (applying same standard). "The Third Circuit has held that when the parties agree to apply the law of a particular state, and that state has an obvious interest in the litigation, a court need not examine the choice of law *sua sponte*." *Skeen v. BMW of North America, LLC*, 2014 WL 283628 (D.N.J. Jan. 24, 2014) (quoting *Lamonaco v. CBS, Inc.*, 1993 WL 556536, at *2 (D.N.J. July 29, 1993)); *see also Schiavone Construction Co. v. Time, Inc.*, 735 F.2d 94, 96 (3d Cir. 1984) ("The parties implicitly agree that New Jersey law governs, and the district court applied New Jersey law. Inasmuch as New Jersey has an interest in the outcome of this litigation … we have no cause *sua sponte* to challenge that choice of law"); *J.B. Hunt Transport, Inc. v. USF Distrib. Servs.*, 83 Fed. Appx. 476, 478 n.2 (3d Cir. Dec. 18, 2003) ("Because the parties implicitly agree that New Jersey law applies to this dispute and since New Jersey has a substantial interest… we will not revisit the District Court's decision to apply New Jersey law."). Here, because the plaintiff is a New Jersey resident and would experience the alleged harm in his employment prospects in New Jersey, and because New Jersey has an interest in protecting its residents and in-state employees from defamation, New Jersey has a substantial interest in the litigation and this Court will apply New Jersey law.

New Jersey courts "have defined defamation consistently with section 559 of the Restatement (Second) of Torts (1977)." *DeAngelis v. Hill*, 180 N.J. 1, 12 (2004); *accord Sciore v. Phung*, 2022 WL 950261, *5 (D.N.J. Mar. 30, 2022). That means that "[t]o establish a defamation claim, a plaintiff must establish (1) the assertion of a false and defamatory statement concerning the plaintiff, (2) the unprivileged publication of that statement to a third party, (3) fault amounting to at least negligence by the publisher, and (4) damages." *Robles v. U.S. Environ. Univ. Servs., Inc.*, 469 Fed. Appx. 104, 109 (3d Cir. Mar. 13, 2012) (quoting *DeAngelis*, 180 N.J. at 12-13). As discussed herein, plaintiff's complaint is deficient with respect to at least the first three of these elements.

### A.   Assertion of false and defamatory statement

Plaintiff's defamation claim is based on United's publication of the allegedly false statement that plaintiff was the PIC of the July 29, 2023 United flight from Newark that ended in, according to "report[s]", a "hard landing" in Houston. *See* ECF No. 1 ¶ 23. At the pleading stage, the Court accepts plaintiff's allegation that he was not, in fact, the PIC of the flight. But "[w]hether the meaning of a statement is susceptible of a defamatory meaning is a question of law for the court." *Ward v. Zelikovsky*, 136 N.J. 516, 529 (1994).

"A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of the Law of Torts § 559 (hereinafter "Restatement"); *accord Salzano v. North Jersey Media Grp. Inc.*, 201 N.J. 500, 512 (2010). "In determining whether the statements are defamatory, [the Court] must consider the content, verifiability, and context of the challenged statements." *Ward*, 136 N.J. at 529.

On this point, plaintiff's complaint is deficient. By failing to allege any facts about the report (other than (1) that it was submitted by United to the FAA and (2) that it included a statement that plaintiff was the PIC of the relevant flight), plaintiff leaves the Court with insufficient information to determine whether the content and context of the alleged report render the statement defamatory. The Court has no information regarding whether the FAA has disclosed or would disclose such a report to plaintiff's would-be employers, or whether the contents of this unspecified report would render plaintiff ineligible for an in-flight employment position as a matter of law, regulation,[2] or practical effect. Without this information, plaintiff's argument that the report is defamatory fails to cross "the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680.

### B.     Unprivileged publication

Turning to whether defendant's alleged submission of the report to the FAA constituted unprivileged publication, defendant argues that the statement at issue is protected by a common law qualified privilege. "Although defamatory, a statement will not be actionable if it is subject to an absolute or qualified privilege." *Erickson v. Marsh & McLennan Co., Inc.*, 117 N.J. 539, 563 (1990). The nature and scope of that privilege is as follows:

> A communication 'made *bona fide* upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, although it contains criminatory matter which, without this privilege, would be slanderous and actionable.

*Coleman v. Newark Morning Ledger Company*, 29 N.J. 357, 375 (1959); *Erickson*, 117 N.J. at 563. Pursuant to this standard, generally speaking, "[s]tatements made to a governmental agency are subject to qualified privilege." *Rodszejewski v. Prudential Ins. Co. of America*, 2008 WL 5351040 (D.N.J. Dec. 22, 2008) (citing *Williams v. Bell Telephone Lab., Inc.*, 132 N.J. 109, 120 (1993)). From the face of the complaint, it is at least clear that the allegedly defamatory statement was contained within United's "report [filed] with the FAA" following plaintiff's termination. Compl. ¶ 42. The complaint makes no allegation that the report was distributed to any person or entity other than the FAA. As such, the facts alleged indicate that the allegedly defamatory statement falls within the scope of the qualified privilege.

---

[2] The complaint alleges that "he has been unable to fly for any other air carrier, including private carriers under 14 CFR Part 135," but fails to identify the provision of 14 CFR 135 that would prevent his employment as a pilot, nor does it articulate how that regulation applies in the context of the report at issue. The Court is not inclined to take up the burden of reviewing the 137-page regulation and evaluating *sua sponte* its potential operation as a bar to plaintiff's employment. *See* 14 C.F.R. 135, https://www.govinfo.gov/content/pkg/CFR-2024-title14-vol3/pdf/CFR-2024-title14-vol3-part135.pdf.

4

When a communication is subject to the qualified privilege, the Court "turn[s] to the standards for determining whether that privilege was abused." *Erickson*, 117 N.J. at 565. To overcome the privilege, "a plaintiff must establish that the publisher knew the statement to be false or acted in reckless disregard of its truth or falsity… [T]he critical determination is whether, on balance, the public interest in obtaining information outweighs the individual's right to protect his or her reputation." *Id.* (quoting *Dairy Stores v. Sentinel Publishing Co.*, 104 N.J. 125, 151 (1986)).

Plaintiff's only allegation relevant to whether the report was published with malice—*i.e.*, knowing that the statement was false or acting in reckless disregard of its truth or falsity—is the conclusory allegation that "United made this false report to the FAA intentionally and knowingly for the purpose of protecting Captain Goudon, despite the cost to Mr. Silva." Compl. ¶ 46. Plaintiff has not satisfied his burden to plead *facts* sufficient for the Court to conclude that United's submission of a report to the FAA allegedly incorrectly naming him as the PIC of the flight in question constitutes unprivileged publication.

### C. Fault amounting to at least negligence

As discussed *supra* at Part III.B, because the allegedly defamatory statement is covered by the qualified privilege, plaintiff can overcome the privilege only by pleading facts sufficient for the Court to conclude that defendant acted with knowledge of the falsity of the information in the report or with reckless disregard for the truth or falsity of the same. Plaintiff has not pleaded facts sufficient for the Court to make that determination.

## IV. CONCLUSION

Defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED**. An appropriate order follows.

DATE: 5/1/25

WILLIAM J. MARTINI, U.S.D.J.